﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190701-12534
DATE: March 31, 2020

ORDER

Service connection for sarcoidosis is denied.

FINDING OF FACT

Sarcoidosis was not manifest in service, did not manifest within one year of separation from service, and is not otherwise related to service, to include exposure to asbestos.

CONCLUSION OF LAW

The criteria for service connection for sarcoidosis are not met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from March 1969 to January 1973. He served in the United States Navy.

The rating decision on appeal was issued in May 2018. The Veteran filed a timely Notice of Disagreement in June 2018 and the Veteran elected the decision review officer (DRO) process in lieu of the traditional appeals process. In May 2019 the Regional Office (RO) issued a Statement of the Case (SOC). In June 2019, the Veteran elected the modernized review system. See 38 C.F.R. § 19.2 (d)). The Veteran chose the direct review lane in the June 2019 election form. As such, the Board will consider the evidence of record up until the SOC was issued.

Service Connection

Veterans are entitled to compensation from VA if they develop a disability “resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty.” 38 U.S.C. § 1110 (wartime service), 1131 (peacetime service).

To establish a right to compensation for a present disability, a veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service” – the so-called “nexus” requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed.Cir. 2004).

Service connection may also be granted for any disease diagnosed after discharge when all the evidence establishes that the disease was incurred in service. See 38 C.F.R. § 3.303 (d).

For Veterans with 90 days or more of active service during a war period or after December 31, 1946, certain chronic diseases may be presumed to have been incurred in service if they manifest to a compensable degree within one year of separation from service. 38 U.S.C. §§ 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. Sarcoidosis is on the list of diseases presumed to have been incurred in-service and receive a one-year presumption.

For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word “chronic.” When the disease identity is established, there is no requirement of evidentiary showing of continuity. Continuity of symptomatology is required only where the condition noted during service (or in the presumptive period) is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. When the fact of chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support the claim. 38 C.F.R. § 3.303 (b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

In evaluating a claim, the Board must determine the value of all evidence submitted, including lay and medical evidence. Buchanan v. Nicholson, 451 F.3d 1331, 1335 (2006). The evaluation of evidence generally involves a three-step inquiry. First, the Board must determine whether the evidence comes from a “competent” source. Competent lay evidence means any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159 (a); Layno v. Brown, 6 Vet. App. 465, 470 (1994). Lay evidence can also be competent and sufficient evidence of a diagnosis if (1) the medical issue is within the competence of a layperson, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Kahana v. Shinseki, 24 Vet. App. 428, 433 (2011); Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

If the evidence is competent, the Board must then determine if the evidence is credible, or worthy of belief. Barr v. Nicholson, 21 Vet. App. 303, 308 (2007). After determining the competency and credibility of evidence, the Board must then weigh its probative value. In this regard, the Board may properly consider internal inconsistency, facial plausibility, and consistency with other evidence submitted on behalf of the claimant. Caluza v. Brown, 7 Vet. App. 498, 511-12 (1995).

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits. VA shall consider all information lay and medical evidence of record in a case and when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107 (2012); 38 C.F.R. § 3.102 (2018); Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, a preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

1. Entitlement to service connection for sarcoidosis

The Veteran seeks service connection for sarcoidosis to include exposure to asbestos during his service.

As an initial matter, the Board finds that the Veteran was exposed to asbestos during his service. Military personnel records show the Veteran served as an Engineman aboard ships in the United States Navy. In his June 2018 NOD the Veteran stated that he was exposed to asbestos while serving on the U.S.S. Tuscumbia from June 1968 to September 1971. He stated that he worked in the engine room and was exposed to asbestos directly first when he had to remove and replace the vessel’s main blower, and second when he had to rebuild the vessel’s generator which was wrapped in asbestos fibers. He stated that the air in the engine room was cloudy for several days after the work because there was no way to clean the air and remove the asbestos fibers. See June 2018 NOD. Based upon the Veteran’s duties as an Engineman and his lay statements detailing those duties, there is sufficient evidence to accept that the Veteran was exposed to asbestos in service.

However, upon review of the evidence of record, the Board finds that service connection for sarcoidosis is not warranted.

The Veteran’s service treatment records do not contain any complaints, diagnosis, or treatments for sarcoidosis. Chest x-rays in March 1969 showed no defects and his lungs were normal in September 1970. The Veteran’s lungs and chest were evaluated normal in the December 1972 separation examination report. However, chest x-rays at separation showed increased vascular markings within normal limits that the examining physician attributed to a non-communicable disease. See December 1972 Report of Medical Examination.

VA treatment records show that the Veteran had a chest CT scan in July 2015 as part of his ongoing prostate cancer. The CT scan showed multiple pulmonary nodules and a followup PET scan showed “uptake” to his lungs. An August 2015 Mayo Clinic biopsy report confirmed sarcoidosis. See October 2018 Pulmonary Note; March 2019 Palliative Care Consultation. 

The Veteran was afforded a VA examination in April 2018. The examiner noted that the Veteran was given a chest CT scan that noted multiple lung lesions. A biopsy of the right axilla lymph node was diagnosed as sarcoidosis. The Veteran reported shortness of breath with exertion, which he partially attributed to his age. The examiner concluded that the Veteran’s sarcoidosis was less likely than not (less than 50% probability) incurred in or caused by the Veteran’s claimed in-service asbestos exposure. The examiner explained that she was unable to find nexus evidence in the medical journals reviewed that sarcoidosis is caused by asbestos exposure. 

For a medical opinion (i.e., medical evidence) to be given weight, it must be: (1) based upon sufficient facts or data; (2) the product of reliable principles and methods; and (3) the result of principles and methods reliably applied to the facts. Nieves-Rodriquez v. Peake, 22 Vet. App. 295, 302 (2008). “It is the factually accurate, fully articulated, sound reasoning for the conclusion . . . that contributes probative value to a medical opinion.” Id. at 304. The probative value of a medical opinion comes primarily from its reasoning; threshold considerations are whether a person opining is suitably qualified and sufficiently informed.

Here, the Board finds the 2018 VA examiner’s opinion that the Veteran’s sarcoidosis was less likely than not incurred in or caused by in-service asbestos exposure as probative medical evidence on this point. The examiner rendered the opinion after reviewing the claims file and relevant medical records and after interviewing the Veteran. The examiner noted the Veteran’s pertinent history and lay statements and determined that medical journals did not support a nexus between sarcoidosis and asbestos exposure. However, the Board notes that the examiner did not address the December 1972 separation chest x-rays showing increased vascular markings and did not address an article the Veteran submitted after the examination showing a potential relationship between asbestos exposure and sarcoidosis. As such, the 2018 examiner’s opinion is of somewhat lessened probative value. 

There are no contrary medical opinions of record.

The Veteran asserts that his sarcoidosis was caused by his in-service exposure. In adjudicating a claim, the Board must assess the competence and credibility of lay statements. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006); Washington v. Nicholson, 19 Vet. App. 362, 368-69 (2005). The Board acknowledges that the Appellant is competent to give evidence about what she observes and is competent to repeat what she has been told by doctors. See Layno v. Brown, 6 Vet. App. 465 (1994). However, there is no indication that the Veteran’s doctors have told him his sarcoidosis was caused by asbestos exposure. Competent evidence concerning the nature of the Veteran’s sarcoidosis has been provided by medical personnel who have rendered pertinent opinions. Additionally, the Appellant is not competent to give an opinion because the critical issue of a relationship between sarcoidosis and his service in this case is medically complex, as it requires specialized medical education/knowledge of the interaction between multiple organ systems in the body/the ability to interpret complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). As such, the Board finds the medical records and opinions to be more probative that the Veteran’s lay statements regarding his claim.

The Board has considered an article that the Veteran submitted with his June 2018 NOD. The article was published in a 1990 volume of the Japanese Journal of University of Occupational and Environmental Health in 1990 and is titled “Sarcoid Reaction Observed in a Worker with a History of Asbestos Exposure.” Medical treatise evidence can, in some circumstances, constitute competent medical evidence. See Wallin v. West, 11 Vet. App. 509, 514 (1998); see also 38 C.F.R. § 3.159 (a)(1) (competent medical evidence may include statements contained in authoritative writings such as medical and scientific articles and research reports and analyses). However, the Board finds the article to be of limited probative value.

The article reports the findings of three doctors at the University of Occupational and Environmental Health in Kitakyushu, Japan, that showed bilateral hilar and mediastinal lymphadenopathy in a 32-year-old man who had been engaged in asbestos spraying for 16 years and smoked 30 cigarettes per day. Lymph node biopsies revealed tissue reactions compatible with sarcoidosis. However, the article itself noted that, as of 1990, there had been no reports of sarcoid reactions associated with asbestos exposure. In addition, the article acknowledges that their patient exhibited numerous symptoms and laboratory findings inconsistent with sarcoidosis.

Moreover, treatise evidence must “not simply provide speculative generic statements not relevant to the veteran’s claim.” Wallin, 11 Vet. App. at 514. The medical article provides general information as to the possibility that a relationship exists between the Veteran’s in-service asbestos exposure and his sarcoidosis. While relevant to the Veteran’s claim, the medical findings cited in the article are largely speculative. The authors of the article noted that “lymph node enlargement and immunological abnormalities” in the patient “may be related to asbestos exposure” and offered no further concrete conclusion. Indeed, by the authors themselves concluded that “[f]urther studies will be needed to determine this relationship” between asbestos exposure and immunological reactions in the lungs. The study suggests only that symptoms of sarcoidosis may be related to asbestos exposure.

Finally, while sarcoidosis is a chronic disability for VA purposes, there is no indication of the onset of sarcoidosis during service or for decades thereafter. The Board acknowledges that chest x-rays at separation showed increased vascular markings that the examining physician attributed to a non-communicable disease. However, the x-ray findings were within normal limits, the Veteran’s chest and lungs were evaluated normal in separation examination report, and the Veteran’s sarcoidosis was first identified over forty years after separation. Here, he did not have characteristic manifestations sufficient to identify sarcoidosis during service or within one year of separation. Furthermore, sarcoidosis was not noted or diagnosed during the critical time frame and there is no competent evidence linking the remote onset to service, to include asbestosis exposure or herbicide exposure.

For the foregoing reasons, the Board finds that the claim of entitlement to service connection for sarcoidosis must be denied. There is no probative evidence showing a relationship between the Veteran’s sarcoidosis and his service. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim, that doctrine is not applicable. See 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

 

 

H. N. SCHWARTZ

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Morse

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.